IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:25CR170-1 |
| | : | |
| JOSE JESUS ORTEGA-MENDOZA | : | |

## MOTION TO DISMISS

The Defendant, JOSE JESUS ORTEGA-MENDOZA, by and through undersigned counsel, respectfully moves this Court to dismiss the Indictment against him with prejudice due to the violations of Mr. Ortega-Mendoza's constitutional right to counsel and the Speedy Trial Act. In support thereof, Mr. Ortega-Mendoza submits the following:

### Background

On April 10, 2025, the Government filed a complaint charging that Mr. Ortega-Mendoza violated 8 U.S.C. § 1326(a) and (b)(1): being found in the United States while an alien having been previously removed or deported subsequent to a conviction for a felony. Doc. 1. According to the complaint, Surry County authorities arrested Mr. Ortega-Mendoza on April 5, 2025. Doc 1 at 2. He was released from the custody of Surry County authorities into Immigration and Customs Enforcement ("ICE") custody on April 8, 2025. *Id.*

1

Also on April 10, 2025, in response to the Government's complaint, the Court issued an arrest warrant. Doc. 2. The United States Marshals executed that arrest warrant by arresting Mr. Ortega-Mendoza on April 14, 2025. Doc. 6.

On April 14, 2025, Mr. Ortega-Mendoza appeared before the Court for an Initial Appearance. Min. Ent. Apr. 14, 2025. After preparation of a pretrial services report, the Court held a detention hearing on April 21, 2025, and Mr. Ortega-Mendoza was ordered to be released after processing. Doc. 8. Upon information and belief, thereafter, the Durham County Detention Center held Mr. Ortega-Mendoza until ICE effectuated a second detainer that ICE had placed upon Mr. Ortega-Mendoza. *See* Doc. 14 at 18:5.

On or About April 22, 2025, the Federal Government, through ICE, seized Mr. Ortega-Mendoza and thereafter removed him from the country. On Friday, May 9, 2025, the United States Marshals informed the parties that Mr. Ortega-Mendoza had been deported. Further, on May 15, 2025, ICE Deportation Officer Erin North, informed the Government that Mr. Ortega-Mendoza had been deported on May 9, 2025.

Mr. Ortega-Mendoza was never released as ordered by the Court on April 21, 2025. Despite diligent effort, since ICE seized and deported Mr. Ortega-Mendoza, undersigned counsel has been unable to effectively communicate with Mr. Ortega-Mendoza. Undersigned counsel does not know if Mr. Ortega-

Mendoza has had other counsel available while in ICE custody.

Further, as of the date of this filing, the Government has clearly violated the Speedy Trial Act by failing to try Mr. Ortega-Mendoza within the prescribed period. The Speedy Trial Act demands that a trial commence within 70 days from the later of either (1) the date the defendant has appeared before a judicial officer of the court in which the charge is pending, or (2) from the filing date of the information or indictment. 18 U.S.C. § 3161(c). In short, for the Speedy Trial Act to start counting time, there must be a federal "arrest as well as a charge." *United States v. Thomas*, 55 F.3d 144, 148 (4th. Cir. 1995) (citing *United States v. Lee*, 818 F.2d 302, 305 (4th. Cir. 1987)).[1] Thus, the 70-day speedy trial period for this case began on April 14, 2025, when Mr. Ortega-Mendoza appeared before the Court for his Initial Appearance on the Government's complaint. The 70-day period expired on Monday, June 23, 2025.

Thus, the Indictment in this case should be dismissed with prejudice due to the flagrant violations of Mr. Ortega-Mendoza's constitutional right to counsel and the Speedy Trial Act.

---

[1] "In sum, in order for the time limitations of 18 U.S.C. §§ 3161(b) and 3162(a)(1) to become applicable, *both* a federal complaint and a federal arrest and/or federal summons are required." *United States v. Lee*, 818 F.2d 302, 305 (4th Cir. 1987).

## Law and Argument, Sixth Amendment Right to Counsel

Mr. Ortega-Mendoza's case presents a now not-unfamiliar set of circumstances.[2] First, the Government chooses to exercise its discretion to prosecute an individual for a crime. The Court then follows the Bail Reform Act and considers a non-status detainee like any other defendant before the Court; weighing the Bail Reform Act factors to determine whether pre-trial release is warranted. Then, the Government, through one of its agencies, disregards the order, takes the individual into custody, and then makes the individual unavailable for prosecution by removing them via deportation.

Here, The Court, after considering the factors in the Bail Reform Act, concluded that Mr. Ortega-Mendoza is not a flight risk based on his strong ties to the community and ordered him released on conditions.[3] The Court

---

2 "GREENBELT, Md. (AP) — The U.S. government would initiate deportation proceedings against Kilmar Abrego Garcia if he's released from jail before he stands trial on human smuggling charges in Tennessee, a Justice Department attorney told a federal judge in Maryland on Monday." https://www.fox34.com/2025/07/08/us-will-try-deport-abrego-garcia-before-his-trial-justice-department-attorney-says/
"DENVER – Some suspects in violent assaults and sex crimes are escaping American justice because they're being deported before they can stand trial, according to a number of prosecutors and legal experts across the country." https://www.usatoday.com/story/news/nation/2025/05/18/ice-tactic-deport-before-court-immigration/83515061007/

3  At the detention hearing in this case, the Government argued that Mr. Ortega-Mendoza was a flight risk because he may flee to Mexico. In response, the Court rightly pointed out that Mr. Ortega-Mendoza was fighting to stay present in North Carolina. Within hours of the conclusion of the detention

4

considered that Mr. Ortega-Mendoza has two young children in the United States, that according to the witness who testified at the dentition hearing, it seems he is a good father, and that release conditions would address his struggle with alcohol dependence. Doc. 14 at 17:19.

"In all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The Court is clearly empowered to take whatever actions are necessary "to remedy a constitutional or statutory violation; to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; or to deter illegal conduct." *United States v. Barrera-Moreno,* 951 F.2d 1089, 1091 (9th Cir. 1991) (citing *United States v. Simpson,* 813 F.2d 1462, 1464-65 (9th Cit. 1987) (cert denied)). District Courts routinely facing this issue have previously granted Motions to Dismiss Indictment with Prejudice under similar circumstances. *United States v. Lutz,* CR-19-0692-TUC-RM (BGM), Doc. 43, 2019 U.S. Dist. LEXIS 120502, at *6 (D. Az. 2019) ("Mr. Lutz has been removed from the United States and returned to Mexico, he continues to suffer a violation of his

---

hearing, the Government initiated proceedings to remove Mr. Ortega-Mendoza to Mexico. Doc. 14 at 16:4.

"**Government**: …Here, the Government would contend there is a risk of flight.
**The Court**: To where?
**Government**: To Mexico.
**The Court**: That's what he is trying to stay here for. Go ahead."

5

right to counsel in this matter. The violation of the [d]efendant's constitutional rights is solely due to the actions of the Government. As such, the Court finds it appropriate to grant the [d]efendant's motion and DISMISS this action WITH PREJUDICE.") (emphasis in original). A district court judge for the District of Arizona was similarly disenchanted with the Government:

> "The Court finds that Defendant Laurean-Lozoya's questioning by ICE agents, prior to his removal and without his counsel present or even having been notified, is an egregious violation of his Sixth Amendment right to counsel. Further, because Defendant has been removed from the United States and returned to Mexico, he continues to suffer a violation of his right to counsel in this matter. This violation of Defendant's constitutional rights is solely due to the actions of the Government. As such, the Court finds it appropriate to grant Defendant's motion and DISMISS this action WITH PREJUDICE." *United States v. Laurean-Lozoya*, No. CR-18-0700-TUC-RM (BGM) Doc. 43, 2018 U.S. Dist. LEXIS 194289, at \*14-15 (D. Ariz. Oct. 23, 2018).

Because Mr. Ortega-Mendoza has been removed from the United States and returned to Mexico, he continues to suffer a violation of his right to counsel in this matter. The Government did not notify undersigned counsel of Mr. Ortega-Mendoza's arrest by ICE agents. The Government did not notify undersigned counsel of Mr. Ortega-Mendoza's location at any relevant time after the detention hearing; not when Mr. Ortega-Mendoza was arrested by ICE agents, not when Mr. Ortega-Mendoza was presumably transported to an

6

ICE detention facility, and not until after Mr. Ortega-Mendoza's deportation was fully effectuated.

This violation of Defendant's constitutional rights is solely due to the actions of the Government. Like the district court in *Laurean-Lozoya*, this Court should dismiss the Indictment with prejudice.

The Government should be required to show why it could not have deferred or prevented Mr. Ortega-Mendoza's removal until the conclusion of the criminal case, which is required under 8 C.F.R. § 215.2(a), which directs that:

> "No alien shall depart, or attempt to depart, from the United States if his departure would be prejudicial to the interests of the United States under the provisions of § 215.3. Any departure-control officer who knows or has reason to believe that the case of an alien in the United States comes within the provisions of § 215.3 shall temporarily prevent the departure of such alien from the United States and shall serve him with a written temporary order directing him not to depart, or attempt to depart, from the United States until notified of the revocation of the order."

The Government was fully aware of Mr. Ortega-Mendoza's status at the time he was released and then removed. The Government's complaint against Mr. Ortega-Mendoza alleges that he committed re-entry, a status offense reserved only for non-citizens, Doc. 1, and his status featured prominently in

the pre-trial services report, Doc. 7.[4]

The Government had the ability to prevent ICE from removing Mr. Ortega-Mendoza and they should have exercised it before the harm occurred. *See United States v. Argueta-Espinoza*, No. 4:18MJ3133, 2018 WL 4492226 (D. Neb. Sept. 19, 2018) ("The fact that ICE will not agree or cannot be trusted to delay deportation—that separate agencies within the Executive Branch do not communicate and cooperate—cannot serve to deprive a defendant of his rights under the Eighth Amendment and the Bail Reform Act.").

Through the actions of ICE, undersigned counsel has no contact with Mr. Ortega-Mendoza, and this is through no fault of Mr. Ortega-Mendoza's. He was removed from the country under circumstances that lack timely transparency and frustrate or entirely prevent Mr. Ortega-Mendoza's ability to communicate with his appointed counsel. This violates Mr. Ortega-Mendoza's Sixth Amendment right to counsel for his defense. The onus was on the Government

---

4 The Government may argue that the proper remedy is for the Government to seek a Significant Benefit Parole ("SBP") pursuant to 8 U.S.C. §1182(d)(5)(A), and to have the individual's attorney track down the individual, now in a foreign country with a language different than the United States, and have them voluntarily present himself at the U.S./Mexico border for transport back into the country, when the Government would presumably again refuse to follow the Court's release order and take them back into custody. This is not a proper remedy. An SPB at this stage is akin to duct-taping together a broken vase, whose pieces have already been shipped to another location. The key was to stop the damage ahead of time.

to prosecute its case and follow lawful Court orders. They failed to do so, and, in failing to do so, have also abandoned their prosecution. The Defense requests an order consistent with that fact.

Dismissing the Indictment with Prejudice is necessary because it is the only remedy that has any hope of deterring the Government from engaging in this behavior in the future. *See Lutz, supra,* Doc. 43, at p. 9 ("Dismissal of the indictment is appropriate under this Court's supervisory powers to remedy the ongoing violation of Defendant's Sixth Amendment rights. In order to promote respect for the BRA and to deter ICE and the U.S. Attorney's Office from continuing to engage in turf battles in lieu of inter-agency cooperation, the Court agrees with Judge Macdonald that dismissal with prejudice is appropriate.").

The remedy for the wrong alleged in the Indictment is deportation, which has already occurred. Any further violation would provide the Government with an opportunity for new claims against him. Granting the Motion to Dismiss with Prejudice does not prevent the Government from prosecuting Mr. Ortega-Mendoza for any future claims of illegal reentry and would be an appropriate response to the actions the Executive Branch has taken which deprived the Court of further proceedings in this matter.

Law and Argument, Speedy Trial

As a result of Mr. Ortega-Mendoza's removal, his rights under the Speedy Trial Act and the Sixth Amendment have been violated. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), a defendant must be tried within 70 days from the filing date of the information or indictment, or from the date defendant first appeared before a judicial officer of the court, whichever occurs later. When the Speedy Trial Act is violated, dismissal of the Indictment is "required." *See United States v. Long*, 2016 U.S. Dist. LEXIS 132648 (M.D.N.C. 1:16CR91-1 Schroeder, T. 2016).

In this case, Defendant appeared on a previously filed complaint on April 14, 2025, and his indictment was returned on April 28, 2025. Thus, the 70-day speedy trial period for this case began on April 14, 2025, when Mr. Ortega-Mendoza appeared before the Court for his Initial Appearance on the Government's complaint. The 70-day period expired on Monday, June 23, 2025.

The Government may argue that the speedy trial period does not start to toll until the filing of the Indictment on April 28, 2025. This argument is unavailing under law and fact, as even that lengthier 70-day period expired on Monday, July 7, 2025. 18 U.S.C. § 3161(c).

10

"Upon a violation [of the Speedy Trial Act], a court must consider three factors in considering which type of dismissal to enter: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a re-prosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2).

While the offense alleged in the Indictment is a felony offense, and thus, a serious offense, the severity of the offense is not among those with the most aggravated statutory maximums. In fact, the statute at issue contemplates various states of seriousness of the offense by providing for various statutory maximums based on the defendant's criminal history. 8 U.S.C. § 1326(a). The least serious punishment for a violation of §1326 is a period of imprisonment of not more than 2 years. §1326(a)(2).

The reason for Mr. Ortega-Mendoza's absence is involuntary removal by the Government, thus none of the excludable grounds for delay under § 3161(h) apply.[5] It should be noted that 3161(h)(3) provides guidance for "absence or unavailability of the defendant." However, Mr. Ortega-Mendoza is not "absent" or "unavailable" under the statute. "Absence," under the statute, requires that

---

5  See United States v. Resendiz-Guevara, 145 F. Supp. 3d 1128, 1138 (M.D. Fla. 2015) (finding delay arising from the motion to dismiss to be "a result of Defendant's deportation; and therefore, such delay should not be excluded from the speedy trial calculation").

a defendant's "whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence." This is not the case, because the Government knew exactly where Mr. Ortega-Mendoza was until he was involuntarily released into Mexico, and he is not voluntarily attempting to avoid apprehension. Further, Mr. Ortega-Mendoza is not "unavailable." "Unavailable," under the statute, requires that a defendant's "whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." Here, Mr. Ortega-Mendoza's whereabouts are not known. Regardless of these provisions, none of the issues surrounding Mr. Ortega-Mendoza's nonappearance are within his control. In fact, just as the magistrate judge reasoned at the detention hearing, Mr. Ortega-Mendoza has strong ties to this community and would appear at the hearings scheduled in his case.

Even after Defendant's release order on April 21, 2025, the Government made no attempt to contact ICE and parties were only informed he was removed on May 9, 2025, almost three weeks later. Neither party claims to know where the Defendant is located. Future attempts by the Government to locate the Defendant would be infeasible and untimely.

Because the Government's actions have jeopardized the Court's ability to try Mr. Ortega-Mendoza, dismissal is appropriate. *See United States v.*

*Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015) ("If the government, by placing [a defendant] in immigration detention or removing him, jeopardizes the district court's ability to try him, then the district court may craft an appropriate remedy.") (citing *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1176-78 (D. Or. 2012)). The Government's removal of Mr. Ortega-Mendoza has violated his Sixth Amendment right to counsel and his right to a speedy trial. Thus, dismissal with prejudice is the only adequate remedy.

## Conclusion

Defendant has been removed from the United States and returned to Mexico and, therefore, continues to suffer violations of his right to counsel and speedy trial in this matter. These violations of Defendant's constitutional rights are due solely to the actions of the Government.

The Court should exercise its inherent supervisory authority to dismiss the Indictment with prejudice against Mr. Ortega-Mendoza because of the Sixth Amendment violations that occurred when he was involuntarily removed from the country through the actions of the Executive Branch, and in order to deter the Government from interfering in its own prosecutions in the future through this same set of actions.

For the foregoing reasons, the Defendant respectfully requests that this Court enter an Order dismissing the Indictment with prejudice.

13

Respectfully submitted on July 8, 2025.

LOUIS C. ALLEN III
FEDERAL PUBLIC DEFENDER

/s/ Ira Knight
IRA KNIGHT
Assistant Federal Public Defender
North Carolina State Bar No. 43817
301 N. Elm Street, Suite 410
Greensboro, NC 27401
Phone: (336) 333-5455
E-mail: Ira_Knight@fd.org

14

## CERTIFICATE OF SERVICE

I hereby certify that on I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Cliff Barrett
Assistant United States Attorney
Middle District of North Carolina

Respectfully submitted,

/s/ Ira Knight
IRA KNIGHT
Assistant Federal Public Defender
North Carolina State Bar No. 43817
301 N. Elm Street, Suite 410
Greensboro, NC 27401
Phone: (336) 333-5455
E-mail: Ira_Knight@fd.org