IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:25-CR-170 |
| | ) | |
| JOSE JESUS ORTEGA-MENDOZA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant, Jose Jesus Ortega-Mendoza, was arrested on a pending federal criminal charge. At a detention hearing, conducted while he was represented by counsel, the magistrate judge ordered Mr. Ortega-Mendoza released on terms. Because of a pending detainer filed by Immigration and Customs Enforcement ("ICE"), Mr. Ortega-Mendoza was not released from custody and was instead transferred to ICE custody; he was eventually deported.

The government moves to dismiss the indictment without prejudice, but counsel for Mr. Ortega-Mendoza contends dismissal with prejudice is more appropriate. Because the statutory and constitutional issues present in the prosecution of Mr. Ortega-Mendoza can be remedied in any potential future prosecution, the government's motion to dismiss the indictment without prejudice will be granted.

I. **Findings of Fact**

Based on matters of record and representations from counsel as officers of the court, the Court finds the following facts.

Mr. Ortega-Mendoza was arrested by a U.S. Marshal on April 14, 2025, Doc. 6, pursuant to an April 10, 2025, complaint for illegal reentry. Doc. 1. That same day, ICE filed a detainer on Mr. Ortega-Mendoza. *See* Doc. 14 at 18:5–6. Also on April 14, Mr. Ortega-Mendoza had his initial appearance; counsel was appointed, and First Assistant Federal Public Defender Eric Placke represented Mr. Ortega-Mendoza at the initial appearance. Minute Entry 04/14/2025.

The government moved for detention. Oral Motion 04/14/2025. At a detention hearing on April 21, 2025, Mr. Ortega-Mendoza was represented by Assistant Federal Public Defender Ira Knight. Doc. 14 at 3:2–5. The magistrate judge denied the government's motion for pretrial detention and ordered Mr. Ortega-Mendoza released on terms and conditions. Minute Entry 04/21/2025; Doc. 9 (release order); Doc. 14 (hearing transcript). Mr. Ortega-Mendoza was not released; rather, he was held in custody pursuant to the ICE detainer until the next day, when ICE seized him. Doc. 15 at 2.

Mr. Knight contacted the U.S. Marshals Service on April 21, 2025, to determine whether ICE had taken Mr. Ortega-Mendoza into custody. Doc. 21 at 9:8–10. He thereafter made multiple efforts to communicate with his client while Mr. Ortega-Mendoza was in ICE custody. *See id.* at 9:10–10:16. Phone calls to the ICE office in Charlotte went unanswered, and calls to the ICE facility where Mr. Ortega-Mendoza may have been held either went unanswered or promises for an ICE case manager to call him were not kept. *Id.* Mr. Knight has not been able to speak with Mr. Ortega-Mendoza since his detention hearing, despite taking every reasonable step and more to arrange such communications. *Id.* at 9:3–10:16.

On April 28, 2025, the grand jury indicted Mr. Ortega-Mendoza for illegal reentry. Doc. 11. Mr. Ortega-Mendoza was deported on May 9, 2025. Doc. 15 at 2.

Mr. Ortega-Mendoza's arraignment was scheduled for May 27, 2025, and unsurprisingly he did not appear. Minute Entry 05/27/2025. At the arraignment, the government reported that Mr. Ortega-Mendoza had been deported to Mexico. *Id.*

On June 25, 2025, the government informally submitted a motion to dismiss the indictment without prejudice, along with a proposed order. Doc. 16 at 1. Consistent with common practice in this district for dismissals, the motion was not filed, and Mr. Knight was not notified of this submission. Doc. 17 at 1.

On July 8, 2025, Mr. Knight moved to dismiss the indictment with prejudice for violation of Mr. Ortega-Mendoza's right to counsel and speedy trial. Doc. 15 at 1. He contended that dismissal with prejudice was appropriate based on the denial of Mr. Ortega-Mendoza's right to counsel and a Speedy Trial Act violation. *Id*. at 3.

The Court mistakenly overlooked this motion when it signed the dismissal without prejudice on July 9, 2025. Doc. 16 at 2; Doc. 21 at 2:11–14. On July 10, Mr. Knight moved for reconsideration of that dismissal. Doc. 17. On July 11, the Court granted the motion for reconsideration and vacated the dismissal. Text Order 7/11/2025.

Counsel appeared for a hearing on August 26. Minute Entry 08/26/2025.

II. **Conclusions of Law**

The Speedy Trial Act provides that

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from

> the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). Though Mr. Ortega-Mendoza's first court appearance was on April 14, 2025, the Speedy Trial Act clock did not begin to run then because he was charged at that point on a complaint, Doc. 1, not an information or indictment. Mr. Ortega-Mendoza was indicted on April 28, 2025, Doc. 11, and the 70-day Speedy Trial Act clock started then.[1] This means his trial had to happen by July 7, 2025. It did not.

The government contends that there is not a Speedy Trial Act violation because it submitted a motion to dismiss on June 25, before the time ran, and that this tolled the Speedy Trial Act deadline. *See* 18 U.S.C. § 3161(h)(1)(D) (tolling the time from the filing of a pretrial motion until the conclusion of the hearing on or other prompt disposition of such motion).[2] However, that motion was not concomitantly filed electronically nor was it then served on defense counsel within the seventy-day period.

The fact that a Speedy Trial Act violation occurred does not necessarily mean dismissal with prejudice is appropriate. The district court "retains the discretion to make

---

[1] The Speedy Trial Act requires that if someone is arrested on a charge without an information or indictment, an information or indictment must be filed within 30 days of arrest. 18 U.S.C. § 3161(b). That was done here.

[2] *See United States v. Montoya-Salazar*, No. 23-CR-88, 2023 WL 4998535, at *3 (D. Minn. May 31, 2023) (Mag. J., recommendation) (finding no Speedy Trial Act violation in part because the government moved to dismiss under Rule 48(a) before the clock expired), *adopted*, 2023 WL 4456880 (D. Minn. July 11, 2023); *United States v. Cuong Nguyen*, No. 19-MJ-201, 2019 WL 6467813, at *4–5 (D. Me. Dec. 2, 2019) (Mag. J., recommendation) (finding that the government's filing of a Rule 48(a) motion to dismiss tolled the speedy trial period under § 3161(h)(1)(D)), *adopted*, Doc. 27 (D. Me. Dec. 17, 2019).

4

the dismissal with or without prejudice." *United States v. Myrick*, __ F.4th __, __, No. 23-4758, 2025 WL 2325627, at *4 (4th Cir. Aug. 13, 2025).

In determining whether dismissal with or without prejudice is appropriate, courts must weigh the statutory factors in § 3162(a)(2), along with any other relevant factors. The statutory factors are "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(2); *see United States v. Taylor*, 487 U.S. 326, 336–37 (1988) (holding that "a district court must carefully consider those [§ 3162(a)(2)] factors as applied to the particular case and . . . clearly articulate their effect."); *see generally United States v. Jennings*, No. 22-4436, 2025 WL 1184408, at *3–5 (4th Cir. Apr. 22, 2025), *petition for cert. filed*, No. 25-5413 (U.S. Aug. 20, 2025).

Here, Mr. Ortega-Mendoza was charged with felony illegal reentry of a deported alien in violation of 8 USC § 1326(a). The defendant does have prior criminal convictions, *see* Doc. 7 at 2–5; in the complaint, the government alleged that the 10-year statutory penalty applied, Doc. 1 at 1, though this was not in the indictment. Doc. 11. He had allegedly been deported twice before. Doc. 11 at 1. While this offense is serious, it is not a crime of violence or a drug trafficking crime, and it has no mandatory minimum prison term. *See* 8 U.S.C. § 1326(a) & (b)(1).

The facts and circumstances of the case that led to the dismissal cut both ways. There is no conduct by the United States Attorney's office indicative of any bad faith or intentional misconduct. While the government could have moved for dismissal earlier, as

5

it knew Mr. Ortega-Mendoza had been deported in May, and it waited several weeks to seek dismissal, that administrative oversight or delay does not show a pattern of neglect or bad faith. *Cf. Taylor*, 487 U.S. at 339 (explaining that a finding of "something more than an isolated unwitting violation" is needed for undue delay to weigh in favor of dismissal with prejudice). The government did not serve Mr. Knight with a copy of the motion, but that was pursuant to a common practice in this district of submitting such motions to judges.[3] Nor did ICE violate the court's release order when it took Mr. Ortega-Mendoza into custody after the magistrate judge ordered his pre-trial release.[4]

On the other hand, agents of the government who took custody of Mr. Ortega-Mendoza after he was released by a United States District Court pending trial repeatedly failed and refused to respect Mr. Ortega-Mendoza's constitutional right to counsel while Mr. Ortega-Mendoza had a pending felony charge. *See* Doc. 21 at 9:8–10:16. Mr. Knight repeatedly tried to contact Mr. Ortega-Mendoza about his criminal case, using the

---

[3] It is the better practice for the US Attorney's office to confer with defense counsel before such submissions, which the Court understands is ordinarily done if an attorney has entered an appearance for the defendant. But there is nothing to indicate that the government was trying to withhold information from Mr. Knight. *See* Doc. 21 at 18:7–9 (statement by Mr. Knight that he has seen no bad faith by U.S. Attorney's office).

[4] "[B]ecause the Bail Reform Act and [the Immigration and Naturalization Act] do not conflict, defendant's rights under the Bail Reform Act and the court's release order were not violated when [defendant] was detained and removed by ICE following the court's order of pretrial release." *United States v. Pavel*, No. 19-CR-94, 2021 WL 817889, at *3 (W.D. Va. Mar. 3, 2021) (collecting cases); *accord United States v. Guimaraes*, No. 25-CR-10129, 2025 WL 1899046, at *3 (D. Mass. July 9, 2025) (collecting cases and holding that ICE detention of a non-citizen "does not offend separation-of-powers principles simply because a federal court, acting pursuant to the BRA, has ordered the same non-citizen released on conditions pending criminal trial" (cleaned up)); *United States v. Galvan-Orea*, 766 F. Supp. 3d 740, 744 (E.D. Mich. 2024); *United States v. Hernandez-Olea*, 407 F. Supp. 3d 1351, 1356–57 (M.D. Ga. 2019); *Montoya-Salazar*, 2023 WL 4998535, at *3.

mechanisms that ICE makes available, and yet persons responsible for fielding those phone calls or allowing detained immigrants access to counsel repeatedly failed to answer the phone or to follow up on Mr. Knight's requests. *Id.*

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. "[T]he right to counsel . . . means at least that a person is entitled to the help of a lawyer at or after the time that judicial proceedings have been initiated against him." *Brewer v. Williams*, 430 US. 387, 398 (1977). The right to counsel is violated when a defendant is completely denied the assistance of counsel. *See United States v. Jett*, 18 F. App'x 224, 237 (4th Cir. 2001) ("Complete denial of the assistance of counsel, whether actual or constructive, is per se reversible error."); *see also Geders v. United States*, 425 U.S. 80, 88–91 (1976).

ICE repeatedly failed to respond to Mr. Ortega's attorney and repeatedly failed to allow Mr. Ortega access to his attorney despite repeated efforts by his counsel, all while Mr. Ortega had pending criminal charges. *See* Doc. 21 at 9:8–10:16. The government, acting through its immigration agents, thus completely denied Mr. Ortega-Mendoza his right to counsel from April 21, when Mr. Knight began his efforts to speak with Mr. Ortega-Mendoza, until May 9 when the defendant was deported. The government, acting and failing to act through ICE, violated Mr. Ortega-Mendoza's Sixth Amendment right to counsel.

Despite this clear constitutional violation, "a district court may not, in the management of its docket, exercise its discretion to dismiss an indictment *with prejudice*,

7

either under Rule 48(b) or under its supervisory power, unless the [constitutional] violation caused prejudice to the defendant or posed a substantial threat thereof." *United States v. Goodson*, 204 F.3d 508, 514 (4th Cir. 2000). Here, there has not been a showing of actual prejudice or a substantial threat of actual prejudice.

The Court finds persuasive the reasoning of the court in *United States v. Pavel* when it faced a similar situation: there is "no prejudice [here] that cannot be adequately remedied by dismissal without prejudice." 2021 WL 817889, at *4. "If the government wants to prosecute the defendant again, the government must secure a new indictment, and the new charges may be barred by the statute of limitations." *Id.* (citing *Taylor*, 487 U.S. at 342).

Mr. Knight contends that Mr. Ortega-Mendoza has been prejudiced because he had no opportunity to review discovery, to attend his arraignment, or to review the case to see if there was a legal defense to assert. Doc. 21 at 15:2–13. But if Mr. Ortega-Mendoza is charged again, there will be an opportunity to review discovery, to be arraigned, and to evaluate legal defenses.

This takes the court to the final statutory factor in evaluating whether dismissal should be with or without prejudice: the impact of a re-prosecution on the administration of the Speedy Trial Act and on the administration of justice. *See* 18 U.S.C. § 3162(a)(2). This is not the kind of case where witnesses are likely to fall prey to fading memories; the evidence in these cases is largely documentary. The Speedy Trial Act violation was not egregious and the delay beyond the 70-day limit was small. There is nothing before the Court to indicate that ICE's decisions to take Mr. Ortega into custody and to deport him

8

Case 1:25-cr-00170-CCE    Document 22    Filed 09/15/25    Page 8 of 9

had anything to do with his criminal charges, much less that those decisions were made to avoid having to try Mr. Ortega on criminal charges or to delay his criminal proceedings. As discussed, if the government initiates new charges against Mr. Ortega based on his alleged illegal presence in the United States on April 6, 2025, Mr. Ortega will have an opportunity to review discovery and evaluate legal defenses.

While the deprivation of Mr. Ortega's constitutional right to counsel is appalling, the correct remedy is not a dismissal with prejudice. As the cases make clear, that is appropriate only with a showing of prejudice, which has not been made here. The statutory factors set forth in the Speedy Trial Act, as applied here, generally favor dismissal without prejudice.

In its discretion, it is hereby **ORDERED** that the defendant's motion to dismiss indictment, Doc. 15, is **DENIED**, and the indictment in this case, Doc. 11, is **DISMISSED WITHOUT PREJUDICE**.

This the 15th day of September, 2025.

_____
UNITED STATES DISTRICT JUDGE